McGREGOR W. SCOTT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00123-JAM-2 |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| NATHANIEL OPONDO HUBBERT, | DATE: October 27, 2020 <br> TIME: 9:30 a.m. <br> COURT: Hon. John A. Mendez |
| Defendant. | |

**STIPULATION**

1. By previous order, this matter was set for a status conference on October 27, 2020. There is an additional codefendant in this case, Mr. Steven Lawrence Robinson. Mr. Robinson is scheduled to conduct a change of plea on October 27, 2020, and so this stipulation only applies to defendant Nathaniel Opondo Hubbert.

2. By this stipulation, Counsel for Mr. Hubbert now moves to continue the status conference until January 26, 2021, and to exclude time between October 27, 2020, and January 26, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over eight gigabytes of evidence in electronic form, including police reports, pictures, multiple hours of video footage, laboratory reports, search warrants, and a forensic cellular

1 phone report.  All of this discovery has been either produced directly to counsel and/or made
2 available for inspection and copying.
3       b)      Counsel for Mr. Hubbert desires additional time consult with her client, to review
4 the existing discovery, to discuss potential resolutions with her client, and to otherwise prepare
5 for trial.
6       c)      Counsel for Mr. Hubbert believes that failure to grant the above-requested
7 continuance would deny her the reasonable time necessary for effective preparation, taking into
8 account the exercise of due diligence.
9       d)      The government does not object to the continuance.
10       e)      Based on the above-stated findings, the ends of justice served by continuing the
11 case as requested outweigh the interest of the public and the defendant in a trial within the
12 original date prescribed by the Speedy Trial Act.
13       f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
14 et seq., within which trial must commence, the time period of October 27, 2020 to January 26,
15 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
16 T4] because it results from a continuance granted by the Court at defendant's request on the basis
17 of the Court's finding that the ends of justice served by taking such action outweigh the best
18 interest of the public and the defendant in a speedy trial.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: October 22, 2020 | McGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ ADRIAN T. KINSELLA<br>ADRIAN T. KINSELLA<br>Assistant United States Attorney |
| Dated: October 22, 2020 | /s/ KRESTA DALY<br>KRESTA DALY<br>Counsel for Defendant<br>NATHANIEL OPONDO HUBBERT |

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 22nd day of October, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE